IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Treadway Levon Manning, Jr., | ) | Case No.: 4:23-3684-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Unknown Federal Prosecutors and Alfred Bethea, | ) ) | |
| Defendants, | ) ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kaymani D. West ("Report" or "Report and Recommendation") (DE 22), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff Treadway Levon Manning, Jr. ("Manning" or "Plaintiff") is an inmate incarcerated at the United States Penitentiary Coleman 1, and he is proceeding *pro se* and *in forma pauperis*.[2] Manning filed suit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971) on July 28, 2023, against Unknown Federal Prosecutors and Alfred Bethea ("Defendants") alleging $500,000 in damages for initiating and pursuing a criminal prosecution against him. Manning's suit is governed by 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. (DE 1.) To that end, to protect against possible abuses of this

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] On July 28, 2023, Plaintiff moved to proceed *in forma pauperis* ("IFP"). (DE 2.) On August 7, 2023, the Magistrate Judge granted Plaintiff's motion to proceed IFP. (DE 11.)

1

privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis, either in law or in fact. See Denton v. Hernandez, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Accordingly, on September 25, 2023, the Magistrate Judge issued the Report (DE 22) recommending the dismissal of Plaintiff's Complaint because prosecutors are immune from claims for monetary damages under Bivens for acts taken in their prosecutorial role. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial . . . are entitled to the protections of absolute immunity").

Plaintiff objected to the Report, arguing he should be allowed to conduct discovery to determine the proper defendants to his claim and leave to amend his complaint. (DE 25.) To be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir.

2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Even holding Plaintiff's *pro se* complaint to a less stringent standard than those drafted by attorneys, Plaintiff's complaint is based on a claim that prosecutors illegally convicted and sentenced him. (DE 1.) Yet Plaintiff's objection centers on determining the proper defendants for his suit, not a defect in the Report. That said, the Court overrules Plaintiff's objection that he should be given leave to conduct discovery to determine the proper defendant and to amend his complaint.

Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report and fully incorporates it here.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 30, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.